**IN THE COURT OF APPEALS OF IOWA**

No. 19-1654
Filed April 1, 2020

**IN THE INTEREST OF B.S. and E.C.,**
**Minor Children,**

**M.M., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Romonda Belcher, District Associate Judge.


　　　A mother appeals the termination of her parental rights.  **AFFIRMED.**


　　　Teresa M. Pope of Branstad & Olson Law Office, Des Moines, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Gretchen Witte Kraemer, Assistant Attorney General, for appellee State.

　　　Michael Sorci of Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.


　　　Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

A mother appeals the termination of her parental rights to her two children, born in 2016 and 2017.[1] She challenges the sufficiency of the evidence supporting the statutory grounds for termination cited by the juvenile court, argues termination is not in the children's best interests because of the closeness of the parent-child bond, and maintains she should have been granted additional time to work toward reunification.

## I.    Background Facts and Proceedings

This twenty-six-year-old mother has a long history of methamphetamine use, dating back to when she was thirteen. This family again came to the attention of the Iowa Department of Human Services (DHS) in July 2018, upon allegations the mother was using and selling methamphetamine while caring for the children.[2] The mother agreed she was selling the substance and tested positive for it. The children were removed from the mother's care and placed in foster care, where they have remained. Both of the children's fathers were incarcerated at the time on drug charges. The mother tested positive for methamphetamine shortly before the adjudication hearing in August. At the adjudication hearing, the mother reported her intention to engage in substance-abuse treatment. The children were adjudicated to be in need of assistance.

---

[1] The juvenile court also terminated the parental rights of both children's fathers. They do not appeal.

[2] DHS had prior involvement with the mother and older child beginning in June 2016 as a result of the mother's methamphetamine use. That child-in-need-of-assistance proceeding closed in January 2018. During the proceedings now before us on appeal, the mother admitted she was still using methamphetamine when the first case closed and prior thereto when she was pregnant with the younger child.

In September, the mother reported continuous use of methamphetamine for the past three or four weeks. She also reported she would not engage in inpatient treatment. The mother was approved to participate in recovery court, but she failed to engage in the program. The mother entered residential treatment in December, but she left after a few weeks, having made little progress. In light of the mother's lack of progress, the State moved for a permanency hearing. In April 2019, the mother underwent a substance-abuse evaluation, during which she admitted continued use of controlled substances, and she was admitted into inpatient treatment. Shortly thereafter, the court held a permanency hearing and, at the conclusion, directed the State to initiate termination proceedings. The mother then left inpatient treatment and, according to her own testimony, "continued to get high for a couple weeks" on "Meth and OxyContin."

The State filed its termination petition in May. In early June, the mother enrolled in outpatient treatment. The evidentiary portions of the termination hearing were held over two days in June and August. At the first day of the hearing in June, the mother reported two or three weeks of sobriety. By the second day of the hearing in August, she was also receiving mental-health therapy and medication management. She testified if she was granted an extension, she planned to begin a year-long program in Nebraska, more than three hours away, involving substance-abuse and mental-health treatment. The mother acknowledged in her testimony that she was not a proper placement for the children both days of the termination hearing. She requested a three-month extension to work toward reunification the first day of trial and then requested a six-month extension the second day. By the second day of trial, the mother had

not exercised visitation with the children in nearly two months. While the mother had obtained new employment, it was a position in which she would be required to travel out of the state for ten days at a time. She had yet to establish stable housing. The children have been in the same foster care placement since shortly after removal. The children are integrated into this family, and the foster parents are willing and able to adopt.

The juvenile court ultimately terminated the mother's parental rights under Iowa Code section 232.116(1)(e), (h), and (*l*) (2019). As noted, the mother appeals.

## II. Standard of Review

We review termination-of-parental-rights proceedings de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the children, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

## III. Analysis

### A. Sufficiency of the Evidence

The mother challenges the sufficiency of the evidence supporting termination. As noted, the juvenile court terminated the mother's rights under Iowa Code section 232.116(1)(e), (h), and (*l*). The mother only challenges termination under section 232.116(1)(h). While we could affirm the termination decision on the unchallenged grounds, we elect to address the challenged ground. *See In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).

As to termination under section 232.116(1)(h), the mother only challenges the State's establishment of the final element of that provision—that the children could not be returned to her care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(h)(4) (requiring clear and convincing evidence that the children cannot be returned to the custody of the children's parents at the present time); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").

The mother agreed in her testimony both days of the termination hearing the children could not yet be placed in her care. We agree. The mother was not in a position with her sobriety and mental health to resume care of the children. We conclude the State met its burden for termination under section 232.116(1)(h).

B. Best Interests and Statutory Exception

The mother argues termination is contrary to the best interests of the children, *see* Iowa Code § 232.116(2), due to the closeness of the parent-child bond. *See id.* § 232.116(3)(c). We choose to separately address the best-interests and statutory-exception issues. *See In re A.S.*, 906 N.W.2d 467, 472–73 (Iowa 2019) (discussing three-step termination framework).

In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The mother has simply not progressed to a point at which her children can be returned to her care. She has been struggling with her addiction for several years. The mother waited until the eve of termination to begin taking any steps to address

her substance-abuse and mental-health issues, which is too late. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will . . . be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010)). We conclude the mother has been given ample time to get her affairs in order and the children's best interests are best served by providing permanency and stability now. *See id.* at 778 ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))). The children are in a foster placement that is willing to adopt. The children are integrated into this familial setting. Continued stability and permanency in this home, which the mother has been unable to provide, are in the children's best interests. *See* Iowa Code § 232.116(2)(b); *cf. In re M.W.*, 876 N.W.2d 212, 224–25 (2016) (concluding termination was in best interests of children where children were well-adjusted to placement, the placement parents were "able to provide for their physical, emotional, and financial needs," and they were prepared to adopt the children).

As to the mother's request for application of the statutory exception to termination contained in section 232.116(3)(c), we first note the application of the statutory exceptions to termination is "permissive, not mandatory." *M.W.*, 876 N.W.2d at 225 (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). Iowa Code section 232.116(3)(c) allows the juvenile court to decline to terminate parental rights when "[t]here is clear and convincing evidence that the termination would be

detrimental to the child at the time due to the closeness of the parent-child relationship." While we acknowledge a bond between the mother and children, that bond can only be characterized as limited at best given these children's young age and the mother's long-term physical absence from their short lives. Upon our review, we find the evidence insufficient to show "termination would be detrimental to the child[ren] . . . due to the closeness of the parent-child relationship." *See A.S.*, 906 N.W.2d at 476 (noting parent bears burden to establish exception to termination). We therefore decline to apply the statutory exception to termination.

C.    Extension

The mother argues the court erred in denying her request for a six-month extension to work toward reunification. She maintains she could be in a position to resume care of the children within that time frame. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period."

While the mother began outpatient treatment shortly before the first day of the termination hearing, given her track record, she has a long way to go before these children can be returned to her care. She has a long history of use of methamphetamine and other drugs, which has been fraught with relapse. Following her substance-abuse evaluation, it was recommended that she engage in intensive inpatient treatment, not outpatient treatment. She left inpatient

treatment twice during these proceedings, having made little to no progress. The mother would need to reengage in visitation with the children, which she had not been doing for two months prior to the second day of the termination hearing. She would then need to progress well beyond unsupervised visitation before the children could be placed in her care. The mother simply waited too long. Given the mother's history, she would be required to fully engage in services for an extended period of time before the children could be returned to her care, certainly longer than six months. We are unable to conclude "the need for removal . . . will no longer exist at the end of the additional six-month period," and we therefore affirm the juvenile court's denial of the mother's request for an extension. *Id.* § 232.104(2)(b).

## IV. Conclusion

We affirm the termination of the mother's parental rights to her children.

**AFFIRMED.**